Muriel B. Kaplan, Esq. (SBN 124607)
Michele R. Stafford, Esq. (SBN 172509)
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery St., Suite 2110
San Francisco, CA 94104
(415) 882-7900
(415) 882-9287 – Facsimile
mkaplan@sjlawcorp.com
mstafford@sjlawcorp.com

Attorneys for Plaintiffs,
NORTHERN CALIFORNIA FLOOR
COVERING INDUSTY WELFARE FUND,
et al..

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE NORTHERN CALIFORNIA FLOOR COVERING WELFARE FUND; STEVE HAVENS, Trustee,<br><br>           Plaintiffs,<br><br>v.<br><br>BRUCE FINISTER, individually and dba FINISTER FLOORING,<br><br>           Defendant. | Case No.: C07-5716 CW<br><br>**NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT; POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:  August 21, 2008<br><br>Time:  2:00 p.m.<br><br>Courtroom: 2, 4th Floor<br>                    1301 Clay Street<br>                    Oakland, California<br><br>Judge:  The Honorable Claudia Wilken |

TO BRUCE FINISTER, individually and dba FINISTER FLOORING:

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 55(b)(2), plaintiffs will move, and do hereby move that a default judgment be entered in plaintiffs' favor in this matter. A hearing shall be conducted on **Thursday, August 21, 2008, at 2:00 p.m.**, or as soon thereafter as counsel may be heard before the **Honorable Claudia Wilken**, in **Courtroom 2, 4th Floor, Federal Courthouse, 1301 Clay Street, Oakland, California**.

1
NOTICE OF MOTION FOR DEFAULT JUDGMENT
CASE NO.: C07-5716 CW

P:\Clients\FLRCL\Finister Flooring\Pleadings\Motion for Default Judgment\Notice of Motion 071408.doc

# POINTS AND AUTHORITIES

## I. STATEMENT OF RELIEF SOUGHT.

Plaintiffs seek entry of a judgment by default ordering defendant to make payment of employee benefit contributions due and unpaid by defendant for hours worked by its employees for the period from April 2008 through June 2008, and any further unpaid contributions due at the time of judgment; the liquidated damages and interest incurred thereon; and the attorneys fees and costs accrued in this action, as follows:

| | |
|---|---|
| Balance of Contributions (4/06-12/06) | $5,061.92 |
| Liquidated Damages (4/06-12/06) | $606.20 |
| Interest (See Rose Decl., Exh. A) | $727.67 |
| Attorneys Fees (5/27/08-7/17/08) | $1,846.00 |
| Costs of Suit | $430.00 |
| **TOTAL** | **$8,671.79** |

## II. ARGUMENT

### A. BACKGROUND.

As the Court's file will reflect, plaintiffs' prior counsel filed this action on November 9, 2007. Service on defendant Bruce Finister, individually and dba Finister Flooring, was completed on December 16, 2007, and the Proof of Service was filed with the Court on February 21, 2008. Defendant has failed to plead or otherwise defend or appear in this matter; therefore, pursuant to plaintiffs' request, the Clerk entered the defendant's default on February 25, 2008.

### B. THE COURT IS AUTHORIZED TO ENTER DEFAULT JUDGMENT.

Rule 55 of the Federal Rules of Civil Procedure authorizes the entry of judgment by default. This action was filed on November 9, 2007. Service on the defendant was completed on December 16, 2007. A Proof of Service was filed with the Court on February 21, 2008. Defendant has failed to plead or otherwise defend or appear, and pursuant to plaintiffs' request, the Clerk entered the defendant's default on February 21, 2008. Plaintiffs are therefore entitled to a default judgment in their favor and request that the Court now enter default judgment against the defendant. Defendant was properly served with plaintiffs' Request to Enter Default and Notice of Request for Default Judgment, and have made no appearance in this matter. The defendant is not

2

**NOTICE OF MOTION FOR DEFAULT JUDGMENT**
**CASE NO.: C07-5716 CW**

an infant or incompetent person. Accordingly, there exists no obstacle to the granting of plaintiffs' motion.

C. **INTEREST, LIQUIDATED DAMAGES, ATTORNEYS FEES AND COSTS SHALL BE AWARDED TO PLAINTIFF TRUSTEES.**

ERISA Section 515 (29 U.S.C. § 1145) states:
Every employer who is obligated to make contributions to a multiemployer plan under the terms of a collectively bargained agreement shall to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement. (Emphasis added).

At the time of the November 9, 2007 filing of this action, defendant had failed to submit contributions for the months of April 2006 through December 2006. Defendant subsequently made partial payment of contributions due for April 2006, leaving a balance of contributions and all liquidated damages and interest due for the months of April 2006 through December 2006. Defendant has now further failed to report or pay contributions which may be due for the months of April 2008 through June 2008, and liquidated damages and interest thereon. Interest on delinquent and unpaid contributions, as well as liquidated damages, attorneys fees, and costs in an action for collection of contributions are authorized by ERISA Section 502(g), 29 U.S.C. 1132(g), which states:

(g)(2) In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 (29 U.S.C. § 1145) in which a judgment in favor of the plan is awarded, the court shall award the plan

(B)   interest on the unpaid contributions

(C)   an amount equal to the greater of
(i) interest on the unpaid contributions,

(ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent [of the unpaid contributions],

(D)   reasonable attorneys fees and costs of the action, to be paid by the defendant, and

(E)   such other legal or equitable relief as the court deems appropriate.

3
**NOTICE OF MOTION FOR DEFAULT JUDGMENT**
**CASE NO.: C07-5716 CW**

The plaintiffs' action in this matter is based on the statutory duty provided by ERISA Section 515 for payment of contributions provided by the terms of a valid Collective Bargaining Agreement to which defendant is signatory. Defendants' failure to comply with the terms of that Agreement, for the months of April 2006 through December 2007, was the cause of this litigation, at great expense to plaintiffs in administration, attorneys' fees, and costs, and plaintiffs therefore request that default judgment be entered in their favor. Upon entry of judgment in favor of plaintiffs, interest, liquidated damages, attorneys fees, and costs must be awarded pursuant to ERISA Section 502(g)(2)(B)(C) and (D).

### D. STATUTORY AWARD OF LIQUIDATED DAMAGES, INTEREST, AND ATTORNEYS FEES IS MANDATORY.

To award statutory liquidated damages, the Ninth Circuit requires that unpaid contributions exist at the time the lawsuit was filed. <u>Idaho Plumbers & Pipe Fitters Health and Welfare Fund v. United Mechanical Contractors, Inc.</u>, 875 F.2d 212 (9th Cir. 1989). In this case, April 2006 through December 2006, were due and unpaid on November 9, 2007, when this action was filed, based on pay stubs submitted by employees whose hours had not been reported. They remain unpaid to date, together with the liquidated damages and interest incurred by all of those delinquencies as provided above by ERISA Section 502(g), 29 U.S.C. 1132(g). See <u>Cortez Declaration</u>.

In <u>Local 81 v. Wedge Roofing</u>, 15 E.B.C. 2470 (N.D. Cal. 1991) this court further specified that liquidated damages shall be awarded as well, where further unpaid contributions become delinquent after the filing of the lawsuit. Plaintiffs make that claim herein on any further contributions due at the time of Judgment.

Under ERISA Section 502(g), 29 U.S.C. 1132(g), liquidated damages, interest, and reasonable attorneys fees and costs of this action must be awarded where, as here, suit was filed to collect unpaid contributions.

///
///
///

1 | **III.    CONCLUSION**

2      Plaintiffs respectfully request this Court to grant the instant motion and award unpaid

3 contributions, as well as liquidated damages, interest, attorneys' fees, and costs.

4 Dated: July 17, 2008                Respectfully submitted,

5                                     SALTZMAN & JOHNSON
                                      LAW CORPORATION
6

7
                                      By:_____/s/_____
8                                        Muriel B. Kaplan
                                         Attorneys for Plaintiffs
9

10

11

...

28                                                                                    5

PROOF OF SERVICE

I, the undersigned, declare:

I am a citizen of the United States and am employed in the County of San Francisco, State of California. I am over the age of eighteen and not a party to this action. My business address is 44 Montgomery Street, Suite 2110, San Francisco, California 94104.

On July 17, 2008, I served the following document(s):

**NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT;
POINTS AND AUTHORITIES IN SUPPORT THEREOF**

on the interested parties in said action by placing a true and exact copy of each document in a sealed envelope with postage thereon fully prepaid, in a United States Post Office box in San Francisco, California, addressed as follows:

> **Bruce Finister
> dba Finister Flooring
> 6728 Saddle Rock Court
> Stockton, California 95210**

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on this 17th day of July, 2008, at San Francisco, California.

_____/s/_____
Vanessa de Fábrega