1

2

3

4

5                                  IN THE UNITED STATES DISTRICT COURT

6                                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8    BOARD OF TRUSTEES OF THE NORTHERN              No. C-07-5716 CW (EDL)
     CALIFORNIA FLOOR COVERING
9    WELFARE FUND; STEVE HAVENS, Trustee,          **REPORT AND RECOMMENDATION
                                                   RE: PLAINTIFF'S MOTION FOR
10                   Plaintiffs,                   DEFAULT JUDGMENT**

11         v.

12   BRUCE FINISTER, individually and dba
     FINISTER FLOORING,
13
                     Defendant.
14   _____/

15         On November 9, 2007, Plaintiffs filed a complaint under sections 1132 and 1145 of the

16   Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132 and 1145, and

17   section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185(a), alleging that Defendant

18   Bruce Finister, individually and doing business as Finister Flooring violated a collective bargaining

19   agreement by failing to make the required contributions to the Plaintiff Trustees.  The complaint

20   sought payment of delinquent contributions, liquidated damages, interest, costs, and attorney's fees.

21         On December 16, 2007, Defendant was served with the summons and complaint.

22   Defendants failed to answer the complaint or otherwise defend the action.  On February 25, 2008,

23   upon Plaintiffs' request, the Clerk of this Court entered Defendant's default under Federal Rule of

24   Civil Procedure 55(a).  By its default, Defendant is deemed to have admitted the well-pleaded

25   averments of the complaint except those as to the amount of damages.  See Fed. R. Civ. P. 8(d).

26         On July 17, 2008, Plaintiffs filed a motion for default judgment, which was referred to the

27   undersigned Magistrate Judge pursuant to Civil Local Rule 72-1.  The motion came on for hearing

28   on August 26, 2008.  Attorney Shaamimi Babu appeared for Plaintiffs.  Defendant did not file an

     opposition to Plaintiffs' motion and did not appear at the hearing.

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1    A court may not enter a default judgment against an unrepresented minor, an incompetent

2  person, or a person in military service.  See Fed. R. Civ. P. 55(b)(2); 50 App. U.S.C. § 520.

3  Defendant is not an unrepresented minor, incompetent or in military service.  See Decl. of Muriel

4  Kaplan ¶ 16.

5    In an action to enforce payment of delinquent contributions, "the court shall award the plan -

6  (A) the unpaid contributions, (B) interest on the unpaid contributions, (C) . . . (ii) liquidated damages

7  provided for under the plan in an amount not in excess of 20 percent . . . of the amount determined

8  by the court under subparagraph (A), (D) reasonable attorney's fees and costs . . . ."  29 U.S.C. §

9  1132(g)(2).  An award under section 1132(g)(2) is appropriate based on the amount of contributions

10  that were delinquent at the time of suit, even if the defendant tendered the unpaid contributions prior

11  to judgment.  See Northwest Adm'rs, Inc. v. Albertson's, Inc., 104 F.3d 253, 258 (9th Cir. 1996)

12  (quoting Carpenters Amended and Restated Health Benefit Fund v. John W. Ryan Constr. Co., Inc.,

13  767 F.2d 1170, 1175 (5th Cir. 1985)) ("[M]andatory fees are available under § 1132(g)(2)

14  'notwithstanding the defendant's post-suit, pre-judgment payment of the delinquent contributions

15  themselves.'"); Idaho Plumbers & Pipefitters Health & Welfare Fund v. United Mechanical

16  Contractors, Inc., 875 F.2d 212, 215-16 (9th Cir. 1989) ("[W]hen (1) the fiduciary obtains a

17  judgment in favor of the plan, (2) unpaid contributions exist at the time of suit, and (3) the plan

18  provides for liquidated damages," section 1132(g)(2) is triggered and a liquidated damage award is

19  mandatory.); see also Iron Workers Dist. Council v. Hudson Steel Fabricators & Erectors, Inc., 68

20  F.3d 1502, 1507 (2nd Cir. 1995) ("the amount of an award of interest or liquidated damages should

21  logically be predicated upon the amount of the unpaid contributions originally at issue, whether or

22  not outstanding at the time of judgment, since that amount correctly measures the damage caused by

23  the delinquency."); Board of Trustees of the Sheet Metal Workers v. General Facilities, Inc., 2003

24  WL 1790837, * 2 (N.D. Cal. March 31, 2003) (citing Carpenters & Joiners Welfare Fund v.

25  Gittleman Corp., 857 F.2d 476, 478 (8th Cir. 1988)) ("Section 1132 provides for liquidated damages

26  as a percentage of 'unpaid contributions' and courts have interpreted 'unpaid contributions' to mean

27  contributions owing and unpaid at the time the lawsuit is filed.").

28    Plaintiffs have the burden of proving their damages through testimony or written affidavit.

**United States District Court**
For the Northern District of California

1    To prove Plaintiffs' damages, Plaintiffs submitted the declarations of Muriel Kaplan, Plaintiffs'

2    counsel, and Rose Cortez, a supervisory employee of Associated Third Party Administrators, the

3    administrator of the Plaintiff Trust Funds.

4         Defendant Bruce Finister individually and doing business as Finister Flooring entered into

5    the Northern California Floor Covering Master Agreement (the Bargaining Agreement), which

6    requires Defendant to make contributions to Plaintiff and other Trusts based on the hours worked by

7    its employees.  See Kaplan Decl. ¶ 4; Ex. B.  The Bargaining Agreement incorporates the Master

8    Trust Declaration for the Resilient Floor Covering Pension Fund ("Trust Agreement") and other

9    Funds to which Defendant is obligated to contribute.  Id.  The Agreements provide for liquidated

10    damages and interest in the event that benefit contributions are not properly made.  See id. at ¶¶ 5, 7;

11    Ex. D.

12         Defendant failed to submit benefit contributions for hours worked from April 2006 through

13    December 2006 in the amount of $5,061.92.  See Decl. of Rose Cortez ¶ 2; Ex. A.  Plaintiffs request

14    liquidated damages in the amount of $606.20 and interest on the contributions in the amount of

15    $727.67 for the period from April 2006 through December 2006.  See Cortez Decl. ¶ 2; Ex. A;

16    Kaplan Decl. ¶ 5.  Liquidated damages are charged at the rate of 10% of the contributions owed.

17    See Cortez Decl. ¶ 2; Kaplan Decl. Ex. D.  Interest is calculated at the rate of 7% per annum for

18    April through June 2006, and 8% per annum for July through December 2006 on the total of unpaid

19    contributions and liquidated damages.  See Cortez Decl. ¶ 2; Kaplan Decl. ¶ 6; Ex. E.  Plaintiffs also

20    provide evidence that Defendant has failed to submit reports or pay contributions for the months of

21    April through June 2008.  See Cortez Decl. ¶ 5.

22         Attorney's fees and costs of action may be awarded to a Trust Fund or Employee Benefit

23    Plan that receives a judgment in its favor, and the Master Agreement provides for the recovery of

24    attorneys' fees and costs.  See 29 U.S.C. § 1132(g)(2)(D); Kaplan Decl. ¶ 7; Ex. B at 34.  Plaintiffs

25    have submitted the declarations of attorney Muriel Kaplan to prove attorney's fees and costs.  Ms.

26    Kaplan calculates that in prosecuting this action she spent 4.4 hours at the rate of $185.00 per hour

27    for the period from May 27, 2008 through July 17, 2008 for a total of $814.00.  See Kaplan Decl. ¶

28    9.  Attorney Michele Stafford spent 1.3 hours at the rate of $180.00 per hour for the period from

**United States District Court**
For the Northern District of California

1    May 27, 2008 through July 17, 2008 for a total of $234.00.  <u>See</u> Kaplan Decl. ¶ 10. Attorney

2    Shaamini Babu spent .30 hours at the rate of $175.00 for the period from May 27, 2008 through July

3    17, 2008  for a total of $52.50.  <u>See</u> Kaplan Decl. ¶ 11.  Paralegal Vanessa de Fabrega spent 7.1

4    hours from May 27, 2008 through July 17, 2008 at the rate of $105.00 for a total of $745.50.  <u>See</u>

5    Kaplan Decl. ¶ 12.[1]  Costs incurred by prior counsel in connection with this matter include the filing

6    fee of $350.00 and service fees of $80.00.  <u>See</u> Kaplan Decl. ¶ 13.  The total amount of fees and

7    costs requested is $2,276.00  The amount of time expended, the billing rates and the costs are

8    reasonable given the work performed.

9         For the foregoing reasons, the Court recommends that judgment be entered in Plaintiffs'

10   favor against Defendant Bruce Finsiter doing business as Finister Flooring for $5,061.92 in unpaid

11   contributions, $1,333.87 in liquidated damages and interest, $1,846.00 in attorney's fees and

12   $430.00 in costs, for a total of $8,671.79, the entire amount of which is to accrue interest at the rate

13   of 7% from the date of judgment until paid.

14        Any party may serve and file specific written objections to this recommendation within ten

15   (10) business days after being served with a copy.  <u>See</u> 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b);

16   Civil Local Rule 72-3 .  Failure to file objections within the specified time may waive the right to

17   appeal the District Court's order.

18   Dated: August 29, 2008

19                                                    *Elizabeth D. Laporte*
                                                     ELIZABETH D. LAPORTE
20                                                   United States Magistrate Judge

21

22

23

24

25

26

27

28
   _____

   [1]    The Kaplan declaration contains a multiplication error for Ms. Fabrega's time. <u>See</u> Kaplan Decl. ¶ 12.  Her hourly rate of $105.00 multiplied by 7.1 hours equals $745.50, rather than $754.00 as stated in the Kaplan Declaration.